1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   JEFF MITCHELL (CABN 236225)
3  Chief, Criminal Division

4  DAVID J. WARD (CABN 239504)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       Fax: (415) 436-7230
        david.ward@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-CR-00536 SI |
| Plaintiff, | **UNITED STATES' SENTENCING SURREPLY** |
| v. | |
| ALVIN YANG, | |
| Defendant. | |

**INTRODUCTION**

On October 10, 2025, defendant Alvin Yang pled guilty to honest services fraud and conspiracy, pursuant to a written plea agreement. *Dkt. 45.* Sentencing is scheduled for February 13, 2026. *Id.* In its sentencing memorandum, the government asks the Court sentence the defendant to a term of imprisonment of eight months. *Dkt. 51.* In his memorandum, the defendant asks the court to sentence him to a term of imprisonment of zero months. *Dkt. 50.*

Paragraph eight of the Plea Agreement reads as follows:

> *I agree that a reasonable and appropriate disposition of this case under the Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have agreed,*

Case 3:24-cr-00536-SI   Document 53   Filed 02/12/26   Page 2 of 8

*is as follows: a term of imprisonment of 0-8 months to be determined by the Court, a term of supervised release of three years, restitution and/or fine as determined by the Court, and forfeiture."* Dkt. 45.

The plea agreement also states that "*this Agreement contains all of the promises and agreements between the parties and me, and I will not claim otherwise in the future.*" Dkt. 45. The defendant now claims otherwise. On February 11, 2026, the defendant filed a last-minute motion claiming that the government had breached the plea agreement because, the defendant claims, the government under a prior AUSA had previously agreed to recommend a variance. The defendant does not make clear when or where this promise was made, or even what type of variance the government had allegedly promised, writing only that the agreement was for a government recommendation of "not necessarily to zero, but to something less than eight" months. *Dkt. 52.* Despite the lack of any evidence as to any side agreement, defendant now claims there was such an agreement, and the government has breached the plea agreement by arguing for a low-end U.S.S.G. sentence of eight months. *Id.*

Defendant asks the Court to strike the government's sentencing memo. *Id.* He asks the Court to order specific performance of the government's promise (whatever that may be). *Id.* He asks the Court for an evidentiary hearing. And, most telling, he asks the court to reject the government's sentencing argument and impose a noncustodial sentence. That appears to be the true goal of the motion.

Defendant's allegation of breach is an improper collateral attack on the plea agreement designed to obtain a lower sentence. The written plea agreement signed by the defendant and all the parties contains the complete and only agreement between the government and the defendant. The defendant's motion claiming breach is meritless and should be rejected by the Court.

## BACKGROUND

On October 2, 2024, defendant Yang was charged in an Indictment with two counts of honest services fraud and one count of conspiracy to commit honest services fraud. *Dkt. 1.* In October 2025, defense counsel and the government entered into a written plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The parties agreed that the adjusted U.S.S.G. offense level was 11. While the parties did not agree on the defendant's criminal history, the USSGs did include an

SENT. SURREPLY
24-CR-00536 SI
2

agreed-upon zero-point offender reduction, based on the assumption of both parties (later confirmed by U.S. Probation) that the defendant is a CHC I. Therefore, the parties agree that defendant Yang's advisory Guidelines range is for a term of custody of 8 to 14 months.

In the plea agreement, an 11(c)(1)(C) plea, the parties agreed that a reasonable and appropriate disposition of the case would be a sentence between zero and eight months. *Dkt. 45*. While the parties agreed each could argue for a sentence of anywhere from zero to eight months, the actual sentence would be determined by the Court. By its literal terms, as well as common understanding, the agreement contemplates that the defendant may argue for sentence of zero months, and the government may argue for a sentence of up to eight months. Nowhere does the Plea Agreement state that the government promises to seek a variance below eight months. Because the plea agreement was reached under Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court sought to sentence the defendant to a term of custody greater than eight months, the defendant could withdraw from the plea.

The plea agreement makes clear, like all plea agreements entered into by the government, that the written agreement is the complete and only agreement between the parties. Defendant Yang's plea contains the following language:

> *I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. This agreement supersedes any prior understandings, promises, or conditions between the government and me. No modification of this Agreement shall be effective unless it is in writing and signed by all the parties.*

*Dkt. 45*

The plea agreement was signed by the defendant and defense counsel. The defendant pled guilty before this Court after an extensive colloquy as to the plea's terms, and the plea agreement was filed with the court and the matter set for sentencing. *Dkt. 46*. Defense counsel also signed the plea agreement, affirming that "my client understands all the terms of this Agreement." *Dkt. 45*.

In his motion claiming breach, the defendant claims that the government's decision to withdraw an objection it had made to the draft PSR was somehow an agreement that the government would recommend a variance, and somehow an implicit endorsement of a non-custodial sentence. It is not, and the government has not and does not endorse a non-custodial sentence.

SENT. SURREPLY                     3
24-CR-00536 SI

On January 20, 2026, the government emailed U.S. Probation an objection to one paragraph of the draft PSR. In its objection, the government stated that the description of statements by co-conspirator Rodolfo Pada were incomplete because they failed to include Pada's statements that he provided special treatment to Yang because of the benefits he was receiving. The government also objected to a defense's argument that defendant Yang's ill-defined "lack of sophistication" warranted a variance from the recommended U.S.S.G. sentence.

During a subsequent phone conversation with defense counsel, the government agreed to withdraw its' objection to including Pada's statement, and to the defense requesting a variance, agreeing that under the plea agreement Mr. Yang was entitled to make that argument. At no point, however, did the government agree that it would support such an argument.

In an email to government counsel asking it to withdraw its objections, defense counsel claimed that the plea agreement contained a promise from the government to make a downward variance and argue for a sentence below the eight month low-end of the USSGs sentence, writing that statements counsel sought to include in the PSR "*form the basis for the downward variance that the plea agreement drafted by Jonathan Lee promised to make.*" See Dkt. 52, pg. 2 (Email from AFPD Blank on January 23, 2020). That statement is untrue. Nowhere does the plea agreement, or anything else, contain a promise from the government to argue for a variance.

## ARGUMENT

Defendant makes three arguments for why the government has breached the plea agreement.

**A. The Government's Sentencing Recommendation Is Within the Plea Agreement's Terms**

First, defendant claims that under the terms of the plea agreement, a government argument for a custodial sentence breaches the terms of the plea agreement because implicit in that argument is that a non-custodial sentence is unreasonable. Thus, defendant's reasoning goes, because the government had agreed in the plea agreement that a sentence of zero to eight months was reasonable, it is therefore a breach to argue for any sentence greater than zero months because doing so is an implicit argument that a sentence of zero months is unreasonable. First, the government has not and does not argue that a sentence of zero months is unreasonable, simply that it is not warranted. More to the point, the plea

agreement explicitly allows each party to argue for whatever sentence it feels is appropriate within the range of zero to eight months. There can be no question that this was the understanding of the parties. Even setting aside the plain language of the plea, it is what defendant did in his sentencing memo. The defendant argued for a sentence of zero months - not zero to eight months.

In his Sentencing Reply, defendant argues that, by the terms of the plea agreement, "*the government* must agree that a range of sentences, including a noncustodial sentence of zero months imprisonment is 'reasonable and appropriate' but that the defendant is not required to do so. *Dkt. 52*. The defendant appears to be arguing that the plea agreement compels the government, and the government alone, to argue to the Court that it must impose a sentence of "zero to eight months" while the defendant is free to argue that a reasonable and appropriate sentence is *only* zero months. *Id.* Defendant argues that even though the plea agreement states that parties may argue for sentence of zero to eight months, he cannot be bound by this because 18 U.S.C. § 3553(a) requires the court to impose the "lowest reasonable sentence." It does not; it requires the Court to impose a sentence "sufficient but not greater than necessary." 18 U.S.C. § 3553(a).

All of the terms of the plea agreement apply equally to both parties. Defendant cannot in good faith enter into an agreement where he explicitly agrees that a sentence of zero to eight months is appropriate and reasonable and then claim that he can argue for zero months but the government cannot argue for eight.

**B. There is not, and Cannot be, Any Separate Side Agreement Between the Parties**

Second, defendant argues that the plea agreement drafted by the former AUSA assigned to this case included a promise that the government would recommend a downward variance. That is not true; the plea agreement contains no such promise. Nor is there any other modification of the plea agreement. Nor is there, nor can there be, any agreement between the parties outside of the plea agreement. The plea agreement is clear and binding. It alone contains all of the promises and agreements between the government and the defendant. It binds both parties, and the defendant, particularly one represented by seasoned defense counsel, cannot now credibly claim otherwise.

**C. The Government Has Not Implicitly Violated the Plea Agreement**

The defendant next argues that even if the Court interprets the plea agreement to allow the government to argue for an eight-month sentence, the government has violated this agreement by implicitly arguing for a greater than eight month sentence. In fact, it is just the opposite. Throughout its sentencing memorandum, the government explicitly asks the court to impose a sentence of eight months of custody. *Dkt. 51*. On page two of the government's sentencing memorandum, it states that "the government respectfully asks the court to sentence defendant Yang to eight months in custody." *Id*. On page eight, the government again writes "a sentence of eight months in custody for Yang would avoid unwarranted sentencing disparities between similarly situated defendants." *Id*. And then, again on page eight, the government asks for the third time for the court "to sentence defendant Yang to a term of imprisonment of eight months." *Id*. Nowhere does the government ask for any other sentence.

Defendant argues in his Reply that despite all this, "*nowhere in its sentencing memorandum does the government seek to temper its arguments to explain, for example, why on balance a custodial sentence greater than the low end of the guideline range would be excessive.*" Dkt. 52. In fact, the government does exactly that. In asking the Court to impose an eight-month custody sentence, the government argues that defendant Yang's conduct fell between that of three defendants sentenced to terms of probation in a related set of bribery cases before the Court (*Tahbazof, Khoshnevisan, and Ghassamzedah*) and two others involved in the scheme (*Curran and Yu*) who were each sentenced to 12 months in custody. As the government wrote, "Yang falls between Yu/Curran and Tahbazof/Khoshnevisan/Ghassemzadeh" and "[a]s such, a sentence of less than 12 months but more than probation, is warranted in order to avoid unwarranted sentencing disparities." *Id*. And in case there was any ambiguity as to the government's sentencing recommendation, the next sentence states explicitly that "a sentence of eight months in custody for Yang would avoid unwarranted sentencing disparities between similarly-situated defendants." *Dkt. 51*.

**D. On the Merits, a Custodial Sentence is Warranted in this Case**

Defendant argues that the government is procedurally barred from disputing his claim that defendant Yang has some sort of ill-defined "lack of sophistication" and that this justifies a non-

custodial sentence, because the government did not object to the defendant arguing for his position to be taken into account in the PSR. But the government has the right, and the obligation, to respond to defendant's sentencing arguments. The government disagrees that Yang's has some sort of "lack of sophistication" to a such a degree that Yang is therefore somehow less culpable than other defendants who were convicted of bribery. As the government explained in its sentencing memo, it is not clear what defendant means by "lack of sophistication." *See Dkt. 51.* If the claim is that Defendant Yang was not sufficiently sophisticated to understand that paying bribes to a building inspector was a crime, that argument is belied by the fact that defendant is an educated professional with 20 years of experience in the construction and real estate field and it is not credible to claim he did not know that bribery was a crime. *Id.* If the argument is that defendant Yang was simply an unsophisticated contractor, that fact simply makes his crime more troubling; it is the mistakes and problems of just such types of builders that the inspection process is designed to detect and correct.

Finally, the defendant argues again that he should be sentenced to a non-custodial sentence because he is similarly situated to defendants Tahbazof, Khoshnevisan, and Ghassemzadeh. *Dkt. 45.* But as the government explained in detail in its sentencing memorandum, all three of those defendants came in before they had been charged, admitted their conduct, and cooperated extensively with the government, and all received 5K motions from the government. Their cooperation directly led to charges against a building inspector, Bernard Curran, and two plan checkers, Cyril Yu and Rodolfo Pada, all who at the time worked for the San Francisco Department of Building Inspection.

Yang did not approach the government before being charged, and did not cooperate. As such he is not similarly situated to those defendants and a non-custodial sentence would create unwarranted sentencing disparities.

## CONCLUSION

Defendant Yang pled guilty to honest services fraud and conspiracy counts. He admitted to paying thousands of dollars in bribes to a corrupt building inspector to get his construction projects approved. His plea agreement was signed and submitted to the Court. It is the only agreement between the government and the defendant. The plea agreement specifically allows for the government to

SENT. SURREPLY                              7
24-CR-00536 SI

recommend a sentence of eight months, just as it allows the defendant to recommend a sentence of zero months. The government respectfully asks the Court to reject any finding of breach and to sentence the defendant to a term of custody of eight months.

DATED: February 12, 2026

Respectfully submitted,

CRAIG J. MISSAKIAN
United States Attorney

_/s/ David J. Ward_____
DAVID J. WARD
Assistant United States Attorney